STATE OF ALABAMA
MONTGOMERY COUNTY

## AFFIDAVIT

Before me, the undersigned authority, personally appeared William Segrest, who is known to me, and after being duly sworn, deposed and said as follows:

"My name is William Segrest. I am employed by the State of Alabama, under the Merit System, as the Executive Director for the Alabama Board of Pardons & Paroles. In that capacity, I carry out the policies and orders of the Board and supervise the Board's administrative staff who prepare files for the Board's consideration and the Board's field staff who conduct investigations and supervise offenders. I do not decide who receives pardons or paroles; that power is exercised exclusively by the Board. After the Board enters an order granting relief, I execute a certificate verifying that fact and cause the certificate to be delivered to the beneficiary. I have been named as a Defendant, in my official capacity, in an action styled *Andre Webster, et al., vs. Bob Riley, et al.*, *#2:05-CV-948-F*, in the U.S. District Court for the Middle District of Alabama. My official capacity does not encompass any of the official actions alleged to have violated the Plaintiffs' constitutional rights.

"The administration of pardons and paroles is not an Executive Branch function in Alabama. These powers were transferred, by Constitutional Amendment, from the Executive Branch to the Legislative Branch in 1939. Although the members of the Board and its employees, including myself, communicate with officers and employees of the Executive Branch regarding the criminal justice system, we are not "the advisor to the Governor and the Legislature in matters relating to penal and correctional institutions, pardon & parole and related matters." The Governor makes no decisions regarding

1

pardon and parole policy or administration. He might offer advice, but the Board makes its own policy decisions, consistent with statutes enacted by the Legislature, and the Board makes its own decisions in the cases coming before it.

"As stated above, I do not decide which prisoners are released on parole. Neither do I decide which parolees are returned to prison. As I understand the law, if the Board has jurisdiction to decide whether to grant parole, it has total discretion to determine whether, in its judgment, early release of that prisoner is compatible with society's welfare. It is also my understanding that, after a parolee is found guilty of violating parole, the Board has the authority to order that he serve the entire remainder of his sentence, or any portion thereof. The sentence is the punishment for the crime underlying the original conviction. The revocation returns him to face that punishment, because he has shown himself undeserving of the favor granted to him. Except for a brief period a few years ago, it has been the Board's custom to require service of the entire sentence upon revocation, although the Board usually schedules further parole consideration at some future date, at which time the prisoner might again be granted the favor of early release at the Board's discretion.

"I have no reason to believe that any particular parole decision is arbitrary and capricious, nor do I have any reason to believe that the Board has a pattern of making its decisions capriciously or arbitrarily. The criteria for parole under Alabama's parole statutes call for subjective judgments by the Board as it weighs society's interests in each case. The Board exercises total discretion to decide whether it is persuaded that release of a particular prisoner is in society's interest.

2

"The Board of Pardons & Paroles is not an arm of the Department of Corrections. The two agencies are separate and distinct, with separate missions and responsibilities. The Department of Corrections is part of the Executive Branch. Its responsibility is to administer the prison system. The Board is part of the Legislative Branch. Its role is to administer pardons, paroles, restorations of civil & political rights, remissions of fines and forfeitures, and to provide certain services to courts that are empowered to suspend sentences and grant probation. Neither the Board nor I have any authority to set policy for the prison system or to direct the Commissioner of Corrections or any of his employees in the execution of their duties. It is not our place to try to run the prison system, and we do not attempt to do so.

"Even if this Court were to find that the Executive Branch Defendants have somehow violated the Constitution, and even if the Court were to grant all relief sought in the Complaint, none of the relief sought is directed against me or the agency I serve, and I cannot deliver that relief."

_____
William Segrest

Sworn to and subscribed before me, this 13th day of December, 2005.

_____
Notary Public